IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT CARTER,
No. 11081-033,

        Petitioner,

vs.                         CIVIL NO. 13-cv-01151-DRH

J.S. WALTON,

        Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, Robert Carter, currently incarcerated in the satellite prison camp at the Federal Correctional Institution at Marion, Illinois, brings this *habeas corpus* action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence relative to credit for time served on state sentences. This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner pleaded guilty to Conspiracy to Possess with Intent to Distribute Methamphetamine (21 U.S.C. §§ 846, 841(b)(1)(A)(iii)); Possession with Intent to Distribute Methamphetamine (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii)); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)(i)). He was sentenced May 14, 2008, in Kentucky to a total term of 147 months imprisonment—concurrent 87-month terms on the two drug charges, and a consecutive 60-month term on the gun charge; the term of imprisonment

was to run concurrently with the three state sentences petitioner was serving at that time.[1]  *United States v. Carter*, No. 06-CR-18-R (W.D. Ky. May 14, 2008). Petitioner subsequently sought to amend the judgment to ensure he received credit for eight months served in state custody, but the district court denied the motion, noting that Section 2241 was the proper avenue of relief.  *United States v. Carter*, No. 06-CR-18-R (W.D. Ky. Oct. 28, 2009).

Petitioner Carter asserts that he should receive credit against his federal sentence for time served in state custody during the 224-day period between October 4, 2007, and May 13, 2008.  Petitioner has been given credit for 148 days, which are not in dispute, but he argues that the failure to afford him the other 224 days runs contrary to the sentencing court's directive that his state and federal sentences run concurrently.  It appears that petitioner has exhausted his administrative remedies to no avail.

At issue is petitioner's six and a half year McCracken County, Kentucky, sentence, which commenced October 4, 2007, and continued until Carter was paroled on December 15, 2008—at which time he was transferred to a federal facility.  Citing 18 U.S.C. § 3585(b), the Bureau of Prisons contends that petitioner cannot be given credit for time that was served and credited to his state sentence *prior* to the pronouncement of his federal sentence on May 14, 2008.[2]

---

[1] The sentence imposed represents a downward departure under U.S.S.G. § 5K1.1.  (Doc. 1, p. 13).

[2] Pursuant to *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971) and Bureau of Prisons Program Statement 5880.28(2), Petitioner has received credit for time spent in non-federal presentence custody between May 10, 2007, and October 3, 2007, after which his state sentence

Petitioner would have the Court ignore 18 U.S.C. § 3585(b), which states:

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*.

(emphasis added).

None of petitioner's Kentucky convictions were related to his federal charges (*see* Doc. 1, p. 17), thus eliminating the credit available under Section 3585(b)(1). For purposes of Section 3585(b)(2), petitioner was arrested on the McCracken County charges on May 23, 2007, *after* the commission of the federal offense. However, petitioner began serving the McCracken County sentence on October 4, 2007—receiving state credit and ending his eligibility for credit. Therefore, petitioner is not entitled to dual state/federal credit *until* his federal sentence was pronounced on May 14, 2008, at which time his state and federal sentences began to run concurrently. Consequently, petitioner did receive the benefit of the concurrent sentence during the subsequent period he remained in state custody, from May 14, 2008, through December 15, 2008.

---

commenced. That aspect of the execution of Petitioner's sentence is not in dispute. At issue is the period from when the state sentence began to run on October 4, 2007, up until pronouncement of the federal sentence on May 14, 2008.

The Court of Appeals for the Seventh Circuit has clearly upheld the exclusion in Section 3585(b) for time credited toward another sentence when a concurrent sentence has been handed down. *See United States v. Aslan*, 644 F.3d 526, 532 (7th Cir. 2011); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000). Therefore, the petition for writ of habeas corpus fails on its merits.

**IT IS THEREFORE ORDERED** that, for the reasons stated, Robert Carter's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**December 7, 2013.**

David R. Herndon
2013.12.07
08:36:32 -06'00'

**Chief Judge**
**United States District Court**